UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

ALEXANDER BORACK,

                                Plaintiff,

-against-

CITY OF NEW YORK, MICHAEL BUTLER, LOUISE
SANFILIPPO, and JOHN and JANE DOE 1 through 10,
individually and in their official capacities, (the names John and
Jane Doe being fictitious, as the true names are presently unknown),

                                Defendants,

----------------------------------------------------------------------X

**AMENDED COMPLAINT**

08 CV 4995 (JBW)(JMA)

<u>Jury Trial Demanded</u>

       Plaintiff ALEXANDER BORACK, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

       1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S. §1983 and 42 U.S. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the States of New York and the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

       2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

       4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff ALEXANDER BORACK is a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police and Parks Departments, duly authorized public authorities and/or police and/or parks departments, authorized to perform all functions of police and/or parks departments as per the applicable sections of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants, MICHAEL BUTLER (Shield No. 15345), LOUISE SANFILIPPO (Shield No. 1581), and JOHN and JANE DOE 1 Through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the States or City New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12. Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On July 10, 2007, at approximately 8:45 p.m., plaintiff ALEXANDER BORACK was lawfully present in Silver Lake Park, by the flagpole closest to the corner of Forest Avenue and Victory Boulevard, in Staten Island, New York.

14. At the aforesaid time and place, defendant MICHAEL BUTLER, a member of the New York City Police Department, unlawfully stopped and seized the plaintiff, and directed him to provide his identification.

15. The defendant thereafter issued a summons to plaintiff charging him with purportedly violating New York City Rules and Regulations §1-03(a)(3). That provision provides, in relevant part, that "no person shall enter or remain in any park without the permission of the Commissioner of when such park is closed to the public. Subdivision 1 of that statute provides that persons may enter and use the parks from 6:00 a.m. to 1:00 a.m. unless other open hours are posted at any park.

16. There were no signs to the contrary at any location that plaintiff was at or near that evening, and therefore plaintiff did not violate this statute.

17. Silver Lake Park consists of approximately 209 acres of parkland. As of July 10, 2007, there were approximately four entrances to the park on the Forest Avenue side of the park. Upon information and belief, there were no signs posted on the Forest Avenue side of the park setting forth park hours. On the Victory Boulevard side of the park, there were approximately nine entrances. Of those entrances, upon information and belief, there were signs posted at only

three entrances stating that the park was closed at dusk. However, these entrances were not anywhere near plaintiff's location in the park, and could not be reasonably seen by anyone unless they entered the park at one of the three specific locations. The notices were therefore neither visible nor reasonably placed, and did not provide constructive notice to plaintiff or anyone else entering the park at any other location of the unlawful nature of entering or remaining in the park after dusk but before 1:00 a.m.

18. Plaintiff's summons lists the location of the occurrence as 610 Victory Boulevard. Although plaintiff was significantly closer to the Forest Avenue side of the park, even assuming plaintiff was near the entrance at 610 Victory, upon information and belief, there were no signs at that particular entrance listing any park hours on the date of the occurrence that provided reasonable notice to plaintiff or anyone similarly situated that their presence in the park under similar circumstances was unlawful.

19. The aforementioned summons compelled plaintiff's appearance in New York City Criminal Court in Staten Island on September 20, 2007. On that date, plaintiff appeared before a judge, who dismissed the charge, causing it to be sealed under New York Criminal Procedure Law §160.50.

20. The defendants were supervised by defendants John and Jane Does 1 through 10, who approved of, oversaw, condoned, and otherwise presided over plaintiff's arrest and otherwise allowed the arrest of plaintiff and others similarly situated to take place despite their knowledge that the park's purported closing hours were not posted in a sufficient manner to provide notice to invitees of the park that the presumptive closing time of 1:00 a.m. was somehow modified.

21. All of the above occurred with the direct involvement and assistance of defendant

SANFILIPPO, who witnessed, and otherwise failed to intervene in the illegal conduct described herein despite a meaningful opportunity to do so.

22. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and due to the City's de facto policy, custom or practice, through its Parks Department, of not providing adequate notice to citizens that park hours were modified from the presumptive 1:00 a.m. closing time, as well as the de facto policy, custom or practice of the City, through its Police Department, of enforcing New York City Rules and Regulations §1-03(a)(3), despite insufficient notice to citizens in Silver Lake Park that their presence at from 6:00 a.m. to 1:00 a.m. could result in arrest.

23. Defendant CITY OF NEW YORK is further aware that such inadequate policies, practices, procedures, and training have often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

24. As a result of the foregoing, plaintiff ALEXANDER BORACK sustained, *inter alia*, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

### **Federal Claims**

### AS AND FOR A FIRST CAUSE OF ACTION
(Violation of Due Process under 42 U.S.C. § 1983)

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "24" with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of defendants, their agents, servants and employee

5

were carried out under the color of state law.

27. All of the aforementioned acts deprived plaintiff ALEXANDER BORACK of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth and Fourteenth Amendments to the Constitution of the United of America, and in violation of 42 U.S.C. § 1983.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as correction officers, with the entire actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States. This conduct, included, without limitation, arresting citizens for being present in New York City Parks in violation of signage that was neither visible nor reasonably placed to supply constructive notice to said citizens of the unlawful nature of entering or remaining after dusk.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest under 42 U.S.C. § 1983)

31. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. Despite the absence of probable cause, defendants deprived plaintiff of his liberty

and issued him a summons charging him with violation of a statute.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendants maliciously issued a summons to plaintiff that compelled his appearance in criminal court for the collateral objective of covering up their unlawful stop of the plaintiff and/or otherwise issuing summonses for statistical purposes rather than for legitimate law enforcement reasons.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants initiated, commenced and continued a malicious prosecution against plaintiff ALEXANDER BORACK.

37. Defendants caused plaintiff ALEXANDER BORACK to be prosecuted without any probable cause until the charges were dismissed on or about September 20, 2007.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendants had an affirmative duty to intervene on behalf of plaintiff ALEXANDER BORACK, whose constitutional rights were being violated in their presence by other officers.

7

40. The defendants failed to intervene to prevent the unlawful conduct described herein.

41. As a result of the foregoing, plaintiff ALEXANDER BORACK'S liberty was restricted, he was put in fear of his safety, and he was humiliated.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. The supervisory defendants, John and Jane Does 1-10, personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

46. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police and/or Parks Departments included, but were not limited to, the City's de facto policy, custom or practice, through its Parks Department, of not providing adequate notice to citizens that park hours were modified from the presumptive 1:00 a.m. closing time, as well as the de facto policy, custom or practice of the City, through its Police Department, of enforcing New York City Rules and Regulations §1-03(a)(3), despite insufficient

notice to citizens in Silver Lake Park that their presence at from 6:00 a.m. to 1:00 a.m. could result in arrest. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff ALEXANDER BORACK'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

47. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ALEXANDER BORACK.

48. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ALEXANDER BORACK as alleged herein.

49. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ALEXANDER BORACK as alleged herein.

50. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff ALEXANDER BORACK was unlawfully stopped, seized, summonsed, and compelled to appear in Criminal Court.

51. Defendants, collectively and individually, while acting under color of state law,

were directly and actively involved in violating plaintiff ALEXANDER BORACK'S constitutional rights.

52. All of the foregoing acts by defendants deprived plaintiff ALEXANDER BORACK of federally protected rights, including, but not limited to, the right:

  A. Not to be deprived of liberty without due process of law;

  B. To be free from seizure and arrest not based upon probable cause;

  C. To be free from false imprisonment/arrest;

  D. To be free the failure to intervene.

53. As a result of the foregoing, plaintiff ALEXANDER BORACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

56. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

57. The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

58. Plaintiff has complained with all conditions precedent to maintaining the instant

action.

59. Their action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

60. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Plaintiff was stopped, seized and not free to leave while the defendants issued plaintiff a summons to appear in Criminal Court.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Defendants maliciously issued a summons to plaintiff that compelled his appearance in criminal court for the collateral objective of covering up their unlawful stop of the plaintiff.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Malicious Prosecution under the laws of the State of New York)

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Defendants initiated, commenced and continued a malicious prosecution against plaintiff ALEXANDER BORACK.

66. Defendants caused plaintiff ALEXANDER BORACK to be prosecuted without any probable cause until the charges were dismissed on or about September 20, 2007.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff ALEXANDER BORACK.

69. Defendant City of New York knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the assault and imprisonment of plaintiff ALEXANDER BORACK.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

72. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. Plaintiff's injuries herein were caused by the carelessness, recklessness and

negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12)

74. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

76. As a result of the foregoing, plaintiff ALEXANDER BORACK is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

77. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

79. As a result of the foregoing, plaintiff ALEXANDER BORACK is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff ALEXANDER BORACK demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) a declaration that plaintiff's rights have been violated;

(D) injunctive relief requiring, among other things, that defendants cease arresting citizens in Clove Lake Park for violation of New York City Rules and Regulations §1-03(a)(3) from 6:00 a.m. to 1:00 a.m., and/or that defendants place clear signage at each and every access point to Silver Lake Park setting forth the park's hours of operation and/or otherwise provide constitutionally appropriate notice to the public of the park's hours of operation;

(E) reasonable attorney's fees and the costs and disbursements of this action; and

(F) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
July 9, 2010

                                              LEVENTHAL & KLEIN, LLP
                                              45 Main Street, Suite 230
                                              Brooklyn, New York 11201
                                              (718) 722-4100

                                        By: _____
                                              BRETT H. KLEIN (BK4744)

                                              Attorneys for Plaintiff ALEXANDER BORACK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ALEXANDER BORACK,

                                    Plaintiff,

    -against-

CITY OF NEW YORK, MICHAEL BUTLER, LOUISE
SANFILIPPO, and JOHN and JANE DOE 1 Through 10,
individually and in their official capacities (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                                  Defendants.

08 CV 4995
(JBW)(JMA)

------------------------------------------------------------------------X

**AMENDED COMPLAINT**

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff ALEXANDER BORACK
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100